Filed 1/30/25  P. v. Arellano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051731 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1481473) |
| v. | ORDER MODIFYING OPINION, NO CHANGE IN JUDGMENT |
| IVAN VARGAS ARELLANO, | |
| Defendant and Appellant. | |

BY THE COURT:

On its own motion, the court modifies the opinion filed on January 8, 2025 as follows:

On page 6, the second full paragraph that begins with the words "*Wende* review is only available …" is deleted in its entirety.

On page 7, the first full paragraph that begins with the words "However, because the notice we provided …" is deleted in its entirety.  In its place, the following paragraph is inserted:

"Pursuant to *People v. Wende, supra,* 25 Cal.3d 436, we have reviewed the entire record.  Based on our review, and in light of the California Supreme Court's decision in *Burgos*, *supra*, 16 Cal.5th 1, that section 1109 does not apply retroactively, we find no arguable error that would result in a disposition more favorable to Vargas Arellano."

There is no change in the judgment.

_____

                                     Wilson, J.

_____

Grover, Acting P. J.

_____

Lie, J.

*People v. Vargas Arellano*
H051731

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. IVAN VARGAS ARELLANO, Defendant and Appellant. | H051731 (Santa Clara County Super. Ct. No. C1481473) |

Defendant Ivan Vargas Arellano appeals from the court's denial of his renewed motion for a new trial.  Appointed counsel for Vargas Arellano filed an opening brief which provides the procedural and factual background of the case but raises no legal challenge to the disposition.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Vargas Arellano was advised of the right to file written arguments on his own behalf but has not responded.  Finding no arguable error that would result in a disposition more favorable to Vargas Arellano, we affirm the judgment.

# I. PROCEDURAL BACKGROUND[1]

## A. *Original Sentence, Appeal, and Resentencing*

In 2014, Vargas Arellano was convicted by a jury of one count of burglary of an inhabited dwelling (Pen. Code, §§ 459, 460, subd. (a)[2]; count 2), two counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); counts 3, 5), and one count of misdemeanor vandalism (§ 594, subds. (a), (b)(2); count 6.) The jury also found true criminal street gang enhancements (§§ 186, 186.22, subd. (b)(2)(C), (b)(1)(A)) alleged in connection with the burglary (count 2) and assault (counts 3, 5) charges. The trial court sentenced Vargas Arellano to "a total term of 16 years in prison, consisting of the middle term of eight years on count 2, plus a consecutive two-year term on count 5, along with the five year enhancement under Proposition 8 (§ 667.5, subd. (a)) and a one-year prison prior enhancement. The court further imposed, but stayed a middle term of six years on count 3 pursuant to section 654. The court imposed a middle term of four years, to run concurrent, on count 6. The 10 year gang enhancements were stricken." (*People v. Vargas et al.* (May 19, 2017, H041706) [nonpub. opn.] (*Vargas* H041706).) [3] On appeal, a different panel of this court reversed and remanded with directions for the trial court to redesignate one of Vargas Arellano's prior convictions for receipt of stolen property as a misdemeanor pursuant to section 1170.18, subdivision (k). (*Vargas, supra,* H041706.) The opinion also directed the trial court to strike a prison prior enhancement

---

[1] Because the facts of the underlying matter are not relevant to the issues raised on appeal, we do not recount them here.

[2] Unspecified statutory references are to the Penal Code.

[3] On our own motion, we take judicial notice of the opinion in Case No. H041706, as well as the opinions in Vargasarellano's two prior appeals from his resentencing proceedings in the same underlying trial court case, (*People v. Vargasarellano* (Nov. 25, 2019, H045538) [nonpub. opn.] (*Vargasarellano*)), and *People v. Vargasarellano* (Jan. 20, 2023, H048062) [nonpub. opn.] (*Vargasarellano*).) (Evid. Code, § 452, subd. (d)(1).)

and stay the sentence on one of Vargas Arellano's two assault convictions (§ 245, subd. (a)(4)) under former section 654.  (*Vargas*, *supra,*  H041706.)

Following his resentencing after this court's 2017 decision, Vargas Arellano once again appealed.  (*Vargasarellano, supra,* H045538 [nonpub. opn.].)  On November 25, 2019, a different panel of this court vacated the judgment and remanded the case for resentencing to allow the trial court to consider striking a serious felony conviction or a prison prior under amended statutes.  (*Vargasarellano*, *supra,* H045538.)  The opinion also invited Vargas Arellano to request a hearing on his ability to pay the fines and fees. (*Vargasarellano*, *supra,* H045538.)

### B.     2020 Resentencing and Appeal

At resentencing on March 6, 2020, the trial court struck the prison prior enhancement (§ 667.5, subd. (b)), and the five-year prior serious felony enhancement (§ 667, subd. (a).)  The trial court reimposed an eight-year term for Vargas Arellano's conviction of first degree burglary (§§ 459, 460; count 2), consisting of the middle term of four years, doubled due to a prior strike (§ 1170.12).  The court additionally stayed the middle term sentence on both of Vargas Arellano's assault convictions (§ 245, subd. (a)(4); counts 3, 5), pursuant to section 654, and reimposed a concurrent four-year term on the felony vandalism conviction (§ 594; count 6.)  Consistent with its original sentencing, the court struck additional punishment on the gang enhancements (§ 186.22, subd. (b)(1)(A)) associated with the assault charges (§ 245, subd. (a)(4); counts 3, 5.) Finally, the court imposed a number of fines and fees, as well as victim restitution, but ordered that all fines and fees apart from restitution be stayed until Vargas Arellano's release from prison.

On appeal from resentencing, Vargas Arellano argued that pursuant to Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) and the newly enacted section

3

1109[4], he was entitled to a new trial, with the gang evidence tried in bifurcated proceedings. (*Vargasarellano, supra,* H048062 [nonpub. opn.].) He also claimed that he was entitled to resentencing based on recent changes to section 654. (*Vargasarellano, supra,* H048062.) This court found that even assuming section 1109 applied retroactively to Vargas Arellano's case, any asserted failure to bifurcate the trial of the gang allegations was harmless such that Vargas Arellano was not entitled to a new trial. (*Vargasarellano, supra,* H048062.) However, because Assembly Bill 333 changed the standard under section 186.222 for proving that a particular offense has been committed for the benefit of a criminal street gang, we concluded that the gang enhancement allegations in counts 3 and 5, as well as the alternate penalty imposed on count 6 (which arose from section 186.22, subdivision (d)), must be reversed. (*Vargasarellano, supra,* H048062.) Further, we agreed that Vargas Arellano was entitled to resentencing pursuant to the recent changes to section 654. (*Vargasarellano, supra,* H048062.) Accordingly, we reversed the judgment and remanded the matter to the trial court with directions to vacate the true findings as to the gang enhancement allegations charged in connection with counts 3 and 5, as well as the alternate penalty provision charged in connection with count 6. (*Vargasarellano, supra,* H048062.) We noted that if the prosecution elected not to retry those allegations, the trial court should resentence Vargas Arellano, including applying the provisions of newly amended section 654. (*Vargasarellano, supra,* H048062.) Finally, we instructed the trial court that the minute order and abstract of judgment prepared in conjunction with resentencing should clearly indicate that all fines

---

[4] Effective January 1, 2022, Assembly Bill 333 amended section 186.22 (Stats. 2021, ch. 699, § 4) and added section 1109 (Stats. 2021, ch. 699, § 5) to the Penal Code. Section 1109, subdivision (a) provides that, upon request by the defense, a gang enhancement charged under subdivision (b) or (d) of section 186.22 shall be tried separately after determination of the defendant's guilt of the underlying charge. Section 1109, subdivision (b) additionally provides that a violation of section 186.22, subdivision (a) shall be tried separately from all other charges that do not require gang evidence as an element of the offense.

and fees, apart from victim restitution, should be stayed, as this was not apparent from the prior minute order and abstract. (*Vargasarellano, supra,* H048062.)

### C. 2023 Resentencing

After the matter was remanded to the trial court, Vargas Arellano filed a motion for a new trial, again arguing that he was prejudiced by the gang evidence not being heard in a bifurcated proceeding as contemplated by section 1109. Vargas Arellano claimed that given the extensive gang expert testimony and its connection to the crimes at issue, it was "far from likely" that he would have been convicted if such evidence had been bifurcated and heard separately; accordingly, he claimed this court erred in finding that any purported error was harmless. In response, the People argued that this court's ruling on the issue was binding, and that the introduction of such evidence at trial was not precluded or prejudicial.

At Vargas Arellano's resentencing hearing on December 3, 2023, the trial court accepted the parties' negotiated disposition and resentenced Vargas Arellano as follows: (1) a six year term for one of the assault convictions (§ 245, subd. (a)(4); count 3), consisting of the middle term of three years, doubled due to a prior strike (§ 1170.12); (2) a four year term for Vargas Arellano's conviction of first degree burglary (§§ 459, 460; count 2), consisting of the low term of two years, doubled due to the strike, and stayed pursuant to section 654; (3) a six year term for the second assault conviction (§ 245, subd. (a)(4); count 5), consisting of the middle term of three years, doubled due to the strike, and stayed pursuant to section 654; and (4) a concurrent one year term in county jail for the vandalism conviction (§ 594; count 6.) With respect to Vargas Arellano's recent motion for a new trial, the trial court denied the motion, noting that the issue had already been denied previously in the trial court and on appeal. However, the trial court acknowledged that the question of section 1109's retroactivity was currently pending before the California Supreme Court, which could ultimately be decided to Vargas

5

Arellano's benefit. Vargas Arellano's trial counsel similarly confirmed that she would be appealing the court's decision regarding the new trial solely to preserve the issue should the law change in the imminent future.

On December 20, 2023, Vargas Arellano filed a timely notice of appeal. As noted above, appointed counsel filed an opening brief pursuant to *Wende*, *supra,* 25 Cal.3d 436, which states the case and the facts but raises no specific issues. Counsel further noted that the California Supreme Court had recently held in *People v. Burgos* (2024) 16 Cal.5th 1 (*Burgos*), that section 1109 did not apply retroactively. On August 22, 2024, Vargas Arellano was advised of the right to file written arguments on his own behalf but has not responded.

## II. DISCUSSION

*Wende* review is only available in a first appeal of right. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*); see also *People v. Delgadillo* (2022) 14 Cal.5th 216, 223 (*Delgadillo*.) Because Vargas Arellano's appeal is from a postconviction order and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid.*) In such a situation, we ordinarily would proceed with the standard set forth in *Serrano,* which provides that "[i]n all future criminal appeals arising from proceedings other than the first appeal of right, where appointed counsel finds no arguable issues … counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal and (2) file a brief setting out the applicable facts and the law … Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on [its] own motion." (*Serrano, supra,* 211 Cal.App.4th at p. 503.) Where, as here, the appellant does not file a supplemental brief, we may deem the appeal to be abandoned and dismiss the appeal. (*Id.* at pp. 503–504.)

6

However, because the notice we provided to Vargas Arellano specified that we would engage in *Wende* review, we exercise our discretion to conduct an independent review of the record even if not required. (See *Delgadillo, supra,* 14 Cal.5th at p. 233, fn. 6.) Having conducted such a review, and in light of the California Supreme Court's decision in *Burgos, supra,* 16 Cal.5th 1, that section 1109 does not apply retroactively, we find no arguable error that would result in a disposition more favorable to Vargas Arellano.

### III.    DISPOSITION

The trial court's order denying the motion for a new trial is affirmed.

_____
Wilson, J.

WE CONCUR:


_____
Grover, Acting P. J.




_____
Lie, J.




*People v. Vargas Arellano*
H051731